NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ENRIQUE RAMIREZ RAMIREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6368

Agency No.
A205-699-792

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026**
Seattle, Washington

Before: McKEOWN, BEA, and BRESS, Circuit Judges.

Enrique Ramirez Ramirez ("Petitioner") petitions for review of a decision of

the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an

immigration judge's ("IJ") denial of his application for cancellation of removal

under 8 U.S.C. § 1229b(b)(1). We have jurisdiction to review the petition pursuant

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to 8 U.S.C. § 1252(a)(1).  We deny the petition.  Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

Under § 1229b(b)(1), the Attorney General may exercise discretion to cancel an alien's removal if the alien "(A) ha[s] been physically present in the United States for a continuous period of ten years or more, (B) ha[s] been a person of good moral character during that time, (C) ha[s] not been convicted of certain enumerated offenses, and (D) 'establish[es] that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.'" *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 999 (9th Cir. 2025) (quoting § 1229b(b)(1)).  Only the fourth criterion is at issue in this appeal.

This court "review[s] only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020)).  In the Ninth Circuit, "we … apply a deferential standard of review to the primarily factual mixed question at hand—whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts—by reviewing for substantial evidence." *Gonzalez-Juarez*, 137 F.4th at 1003 (citing *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024)).  Under the "highly deferential" substantial evidence standard of review, "we may grant a

petition only if the petitioner shows that the evidence 'compels the conclusion' that the BIA's decision was incorrect." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (internal citations omitted).

Petitioner makes two arguments. First, he argues that the BIA "failed to conduct de novo review of Petitioner's hardship" and instead "adopt[ed] completely the immigration judge's analysis." Second, he argues that the established facts demonstrate exceptional and extremely unusual hardship to his U.S.-citizen stepson, Abraham. Both arguments fail.

First, it was not improper for the BIA to affirm the IJ's ruling "for the reasons stated by the [IJ] in his decision" after "consider[ing] the evidence of hardship presented below," "[c]onsidering the factors of [the] case cumulatively," and describing the circumstances of Abraham's potential hardship. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) ("All that we require is that the Board provide a comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention.").

Second, the evidence does not compel the conclusion that Petitioner's removal would result in exceptional and extremely unusual hardship for Abraham. *See* § 1229b(b)(1)(D); *Gonzalez-Juarez*, 137 F.4th at 1007–08. The IJ acknowledged that Abraham would face some hardship if Petitioner were removed

to Mexico: he would be without an important father figure in his life, be without the financial support Petitioner was providing, and be without one source of transport to school and work.  But Abraham would not lose access to his medication and would retain the ability to work and to pursue further education. Furthermore, Abraham would continue to be supported by other family members, including his mother, who has the ability to work, and his mother's siblings, who have supported Abraham in the past.  While Petitioner's removal will likely result in some hardship for Abraham, the record evidence does not compel the conclusion that that hardship will be exceptional and extremely unusual.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.  The motion for a stay of removal, Dkt. 19, is otherwise denied.